**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| DAKE SONG;<br>GE AN,<br>  12 Starlight Ct.,<br>   Potomac, MD 20854<br><br><br><br>          Plaintiff(s)<br><br>         v.<br><br>KRISTI NOEM, in her official capacity,<br>Secretary, U.S. Department of Homeland<br>Security;<br>JENNIFER B. HIGGINS, in her official<br>capacity, Acting Director, U.S. Citizenship and<br>Immigration Services;<br>  2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br><br>JAMES R. MCHENRY, III, in his official<br>capacity, Acting Attorney General, Office of<br>Attorney General, U.S. Department of Justice;<br>  950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br><br><br>         Defendant(s). | Civil Action No. 1:25-cv-348 |

---

**PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS AND**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road,

Ste. 630 Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-549-9981, Email:

sadaf@jeelani-law.com.

## INTRODUCTION

COME NOW DAKE SONG (hereinafter "Plaintiff SONG" or collectively "Plaintiffs") and GE AN (hereinafter "Plaintiff AN" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows

1.    On April 9, 2021, Plaintiff AN's U.S. citizen spouse, Plaintiff SONG, lawfully filed Form I-130, Petition for Alien Relative ("Petition") with the United States Citizenship and Immigration Service, naming his spouse, Plaintiff AN, as beneficiary, to become a permanent resident of the United States. On April 21, 2021, Plaintiff AN timely, completely, and lawfully filed Form I-485, Application to Register or Adjust Status, and paid the associated fees, to apply for the resulting benefit from her spouse's Form I-130 Petition. This action is brought as a result of Defendants' failure to adjudicate Plaintiff AN's Form I-485, Application to Register Permanent Residence or Adjust Status ("Application") within a reasonable period of time. The Application has been in pending status for a period of over three years and nine months (over 45 months or 1381 days) without any resolution. Plaintiff AN has a clear right to the adjudication of her Application within a timely manner. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

2.    The delay in making a decision on Plaintiff AN's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

3.    Defendants cannot reasonably use COVID-19 as a defense to their failure to adjudicate the Application as all in person interactions have already taken place, as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

4.      Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

**PARTIES**

5.      Plaintiff DAKE SONG is a resident of Montgomery  County, Maryland, and he is a citizen of the United States. He is the spouse of Plaintiff AN and the petitioner of an approved Form I-130, Petition for Alien Relative, allowing beneficiary qualification for Plaintiff AN to apply to adjust her status to that of a permanent resident.

6.      Plaintiff GE AN is a resident of Montgomery  County, Maryland, and a citizen of China. She is the beneficiary of an approved Form I-130, Petition for Alien Relative, filed by her U.S. Citizen spouse, Plaintiff SONG. The approved Form I-130 allows beneficiary qualification for Plaintiff AN to adjust her status to a permanent resident of the United States. Plaintiff AN is also the applicant of a properly filed Form I-485, Application for Adjustment of Status.

7.      Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

8.      Defendant JENNIFER B. HIGGINS is the Acting Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

9.      Defendant JAMES R. MCHENRY, III is the Acting Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the

Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

11.     Venue is proper in the District Court for the District of Maryland pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiffs reside and no real property is at issue in the instant case.

## EXHAUSTION OF REMEDIES

12.     Plaintiff AN has repeatedly requested the Defendants to make a final decision on her Application. Furthermore, Plaintiff has initiated numerous inquiries with USCIS directly as well as through Congressman Jamie Raskin's Office, all without resolution.

13.     Plaintiff AN has exhausted her administrative remedies. Plaintiff has supplied USCIS with documents that establish Plaintiff's eligibility for approval of her Form I-485.

14.     There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

15.     On April 9, 2021, Plaintiff AN's U.S. citizen spouse, Plaintiff SONG, filed, and paid the required government fees for, Form I-130, Petition for Alien Relative, naming his spouse, Plaintiff AN, as a beneficiary (Receipt# IOE9285403011) with USCIS.  **[EXHIBIT A].**

16.     On April 21, 2021, Plaintiff AN filed, and paid the required government fees for, Form I-485, Application to Adjust Status, with USCIS (Receipt# MSC2191273909). **[EXHIBIT B].**

17.     On  August 9, 2021, Plaintiff AN appeared for her required biometrics appointment at the designated USCIS Application Support Center. [**EXHIBIT C**].

18.     On January 19, 2022, Plaintiffs appeared at the USCIS Baltimore Field Office where they appeared for their required interview before a USCIS officer.

19.     Following the interview, on October 24, 2022, Defendants issued a Request for Evidence ("RFE"), which Plaintiff AN responded to within the allotted time.

20.     On March 29, 2023, Defendants approved Plaintiff SONG's Form I-130 Petition.

21.     Since Plaintiff AN completed her required biometrics appointment, interview, and responded to the RFE, USCIS has made no further requests for evidence or information from the Plaintiff and neither have they completed the adjudication of her Form I-485 Application.

22.     Plaintiff AN has made numerous inquiries over the past three years and nine months (over 45 months or 1381 days) with USCIS and has requested the adjudication of her Application.

23.     Plaintiff's inquiries have not resulted in any meaningful response from USCIS.

24.     Plaintiff AN's Application now continues to be pending with USCIS for a total time of over three years and nine months (over 45 months or 1381 days).

25.     The delay in making a decision on  Plaintiff AN's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

26.     In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2021 of 12.9 months for the adjudication of Form I-485.  Plaintiff AN's Form

I-485 has been pending for over 45 months, which is almost three and a half times the average

historical processing time as reported by USCIS.[1]

27.     Defendants have refused to provide further explanation which would merit the need for

over 45 months of processing time.

28.     Plaintiff SONG and Plaintiff AN have endured significant financial and emotional

burdens as a result of the unreasonable period of time that Plaintiff AN's case has been pending

review.

29.     Plaintiff AN's U.S. citizen spouse, Plaintiff SONG, has been deprived of the right he has

as a U.S. citizen to qualify his spouse to become a permanent resident of the United States.

30.     Plaintiff AN has been deprived of the opportunity to have accumulated sufficient time as

a permanent resident to become a U.S. citizen.

31.     Moreover, Plaintiff has incurred significant attorney's fees due to the Defendants' failure

in adjudicating Plaintiff AN's Form I-485 Application within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA- FORM I-485

32.     All prior paragraphs are re-alleged as if fully stated herein.

33.     Plaintiff AN has a statutory right to apply for adjustment of her status to a permanent

resident by filing Form I-485, Application for Adjustment of Status pursuant to INA 245(a).

34.     Defendants have a duty to adjudicate Plaintiff AN's Application within a reasonable

period of time under 5 U.S.C. §555(b).

---

[1] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

35.    The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

36.    No other adequate remedy is available to Plaintiff.

37.    Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate her Application.

38.    Given the Defendants' lack of a reason for not making a decision on Plaintiff AN's Application for over 45 months, Plaintiff AN's Application has been pending for an unreasonably long period of time.

39.    Defendants have failed in their statutory duty to adjudicate the Application within a reasonable time.

40.    Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff AN's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff AN's case.

41.    Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff AN's Application, thereby depriving Plaintiffs of the rights to which they are entitled.

42.    In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff AN's U.S. citizen spouse, Plaintiff SONG, has been denied the right to petition for his spouse to become a permanent resident of the United States. Furthermore, Plaintiff AN has been unable to receive her permanent resident status and has lost time which would have accrued towards her qualification to naturalize as a U.S. Citizen.  In effect, Plaintiffs lives are on hold due to Defendants' inaction.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff AN's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff AN's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  January 31, 2024                    Respectfully submitted,

 /s/ Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq.**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Ste. 630**
**Rolling Meadows, IL 60008**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
***Counsel for Plaintiffs***

8